IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 14-306-KD |
| | ) | |
| FREDERICK JERMAIN MILLER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# ORDER

This matter is before the Court on Defendant Frederick Miller's Motion to Suppress or in the alternative Motion for Suppression Hearing. (Doc. 91). The Government filed a response in opposition. (Doc. 92). After careful consideration and for the reasons set forth below, the motion is due to be denied.

## BACKGROUND

On October 30, 2014, law enforcement officers executed a search warrant at defendant's residence located at 265 Miller Rd., Burnt Corn, Alabama. (Doc. 91, p. 14). The search warrant authorized seizure of marijuana and cocaine; firearms; U.S. currency; electronic devices that may contain drug contacts; and computer media, photos, or videos that may contain evidence of narcotics and dog fighting. (Doc. 91, p. 14). The warrant further authorized searching any person, vehicle, or out buildings located on this property. (Doc. 91, p. 14). Ultimately, agents seized 12.8 pounds of marijuana and 188 grams of cocaine during the search. (Doc. 92, p. 1). In addition to

1

seizing the marijuana and cocaine, agents collected drug paraphernalia, several firearms, and $28,478.84 in cash. (Doc. 92, p. 1). Agents also observed a video surveillance system in the house, and found sixteen pit bulls (one deceased) and a dog-fighting pit on the property. (Doc. 92, p. 2).

The defendant now moves the court "for an order suppressing any and all evidence that the government may seek to introduce against him at the trial of this action, which was obtained in the course of a search conducted pursuant to a search warrant on October 30, 2014, at … 265 Miller Rd., Burnt Corn, Alabama (Monroe County)." (Doc. 91, p. 1). Alternatively, Miller requests an evidentiary hearing to examine the agents and officers involved in procuring the search warrant. (Doc. 91, p. 1). Miller argues the search warrant on its face is invalid, that the officers performed a no-knock search in violation of federal law, the search was without probable cause, the affidavit did not indicate it contained reliable information, and "[t]here is absolutely no evidence in the affidavit that exigent circumstance[s] existed." (Doc. 91, p. 2). Thus, Miller asserts this Court should either suppress any evidence seized at the Miller Road address, or conduct an evidentiary hearing to determine whether the evidence should be suppressed. (Doc. 91, p. 3).

In response, the Government argues the search warrant "was based on an ample showing of probable cause." (Doc. 92, p. 3). The Agent who signed the application and affidavit for search warrant, Commander Alfred Carter, provided detailed information based on his personal observations, which included surveillance of Miller and his home. (Doc. 91, pp. 11 – 13). The Agent also met with a cooperating

individual, who provided additional information for the search warrant application. The cooperating individual purchased a substance from Miller at 265 Miller Road, and later handed a plastic bag containing marijuana to the Agent. (Doc. 91, pp. 11 – 12). Other agents conducted surveillance of the transaction, and independently corroborated the transaction. (Doc. 91, p. 12). The cooperating individual did not know the house was under surveillance during the transaction. (Doc. 91, p. 12).

The Government further argues the affidavit provides a legitimate reason for requesting a no-knock warrant and permission to search the home at night. (Doc. 92, p. 5). The cooperating individual said they had observed Miller in possession of a handgun, and believed there were other weapons kept inside the residence. (Doc. 91, p. 12; Doc. 92, p. 5). The affidavit also states Agents had received information that Miller had an "audio/video recording surveillance system in place on the residence and curtilage." (Doc. 91, p. 12). The Agent therefore requested a no-knock, nighttime search warrant because narcotics are easily destroyed, the property to be searched had an audio/video security system, and weapons were believed to be present. (Doc. 91, p. 13). Based on the sworn information presented in the affidavit, the Circuit Court of Monroe County, Alabama issued the search warrant. (Doc. 91, p. 14). The Government thus opposes Miller's motion to suppress.

## ANALYSIS

Affidavits supporting search warrants are presumptively valid. Franks v. Delaware, 438 U.S. 154, 171 (1978). The Supreme Court instructs, however, that (1) "where the defendant makes a substantial preliminary showing that a false

statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and (2) "if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." Id. at 155–56. And if, at the hearing, the defendant establishes the allegation of perjury or reckless disregard by a preponderance of the evidence, and "with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." Id. at 156.

As to the first Franks prong, the attack on the affidavit supporting the warrant must contain "allegations of deliberate falsehood or of reckless disregard for the truth," specifically pointing out the portion of the warrant affidavit that is claimed to be false. Id. at 171. The allegations challenging the warrant affidavit should be supported by an offer of proof. "Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." United States v. Arbolaez, 450 F.3d 1283, 1293 (11th Cir. 2006) (citations omitted). Conclusory allegations of negligence or innocent mistakes are insufficient. Franks, 438 U.S. at 171. As to the second Franks prong, to be entitled to relief, a defendant must show that the misrepresentations or omissions were material, which means that, absent the misrepresentations or omissions, probable cause would have been lacking. United States v. Novaton, 271 F.3d 968, 987 (11th Cir. 2001).

Miller fails to satisfy the first Franks prong. Miller primarily argues that

4

there is no reason to believe the cooperating individuals provided credible information, and that "the lack of such representation was [a] deliberate or reckless omission of fact." (Doc. 91, p. 5). The Court disagrees. First, the affidavit states that the cooperating individual provided accurate information to the Agent in the recent past. Second, agents conducted independent surveillance of the cooperating individual involved in a transaction with Miller. (Doc. 91, p. 11). The cooperating individual then "gave a debrief of events describing the drug transaction" which "exactly matched the events witnessed by Agents conducting surveillance at the time of the transaction." (Doc. 91, p. 12). The affidavit provides sufficient information to assure the credibility of the cooperating individuals.

Miller also argues the affidavit did not provide a sufficient basis for a no-knock search warrant. (Doc. 91, p. 5). Miller asserts a "concern for police safety must be based upon prior knowledge or direct observation that the subject of the search keeps weapons and that such person has a known propensity to use them." (Doc. 91, p. 5). This argument is flawed, and it ignores the other reasons stated in the affidavit for requesting a no-knock search warrant, including the potential destruction of evidence. "In order to justify a 'no-knock' entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence." Richards v. Wisconsin, 520 U.S. 385, 394 (1997); see also United States v. Banks, 540 U.S. 31, 36 (2003) (noting that "[w]hen a warrant applicant gives

5

reasonable grounds to expect futility or to suspect that one or another such exigency already exists or will arise instantly upon knocking, a magistrate judge is acting within the Constitution to authorize a 'no-knock' entry"). The showing an officer must make to receive a "no-knock" warrant "is not high." Richards, 520 U.S. at 394.

In this case, the affidavit in support of the search warrant describes why the officers requested a no-knock search warrant. Miller had been seen with a handgun, and was suspected of having other guns within the house. The house to be searched contained surveillance cameras and monitors that provided an early warning to people located inside the house. Cocaine and marijuana are controlled substances that are easily destroyed. Based on that evidence, the judge who issued the "no-knock" warrant was well within his discretion to conclude that knocking either might be dangerous or inhibit the effective investigation of this drug crime by allowing for the destruction of contraband evidence. See Richards, 520 U.S. at 394.

Miller also challenges the affidavit on the grounds that it is silent "as to the date, time and place" the Agent met with the cooperating individuals. (Doc. 91, p. 8). Miller further contends the affidavit relies "solely upon the opinion of Agent Alfred Carter that a no-knock search warrant was necessary," (Doc. 91, p. 9) and generally "lacks objective evidence to establish probable cause to believe that illegal narcotics and firearms were possessed by the Defendant inside the residence at 265 Miller Road in Burnt Corn, Alabama." (Doc. 91, p. 10). The evaluation of a search warrant based upon informant information involves an inquiry into the "totality of circumstances" presented in the supporting affidavit. United States v. Figueroa, 720

F.2d 1239, 1243 (11th Cir. 1983). Given the traditional deference to a magistrate's decision that probable cause exists, the warrant will be upheld on review so long as the magistrate had a "substantial basis" for concluding that the search would reveal evidence of crime. Id., 720 F.2d at 1243-44 (citations omitted).

Based on this record, there is a "substantial basis" for the Circuit Court of Monroe County to reach such a conclusion. As previously stated, the Agent attested to the cooperating individual's reliability, and others independently surveyed the cooperating individual as they engaged in a transaction with Miller. After the transaction occurred, the cooperating individual handed the Agent a plastic bag containing marijuana. (Doc. 91, p. 12). On a separate occasion, the Agent personally observed Miller, Laquinton Miller, and Gecoby Penn consuming marijuana inside the garage. (Doc. 91, p. 12). The Agent believes he observed other illicit transactions with unidentified individuals during this time. (Doc. 91, p. 12). Additionally, the Agent had information concerning an audio/video surveillance system at the residence, and the likely presence of weapons. The totality of the circumstances supports the issuance of a warrant in this case.

Because Miller failed to satisfy the first Franks prong, and the Court otherwise finds the totality of the circumstances described in the affidavit supports the issuance of the warrant, the Court concludes a suppression hearing is unnecessary.

## CONCLUSION

Accordingly, Defendant's Motion to Suppress or in the Alternative Motion for

Suppression Hearing is **DENIED**. (Doc. 91).

   **DONE and ORDERED** this 20th day of July, 2015.

/s/   Callie V. S. Granade
UNITED STATES DISTRICT JUDGE
